UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MAHONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-310 NCC |
| | ) | |
| DOUGLAS PRUDDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Michael Mahone for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by the limitations period, and the Court will order petitioner to show cause why it should not be summarily dismissed.

After a hearing in front of the Honorable Carolyn Whittington in St. Louis County Court on October 4, 2012, petitioner's probation was revoked, and his original sentence of 7 years' imprisonment to the Missouri Department of Corrections was instated.[1] *See Missouri v. Mahone*, No. 08SL-CR01376-01 (21st Judicial Circuit, St. Louis County Court). On October 26, 2012, the state court sentenced him to seven years' imprisonment. He did not file an appeal of either his original conviction or his revocation of his probation. Petitioner also did not file a timely motion for post-conviction relief.

On September 16, 2016, petitioner filed a motion for post-conviction relief under Rule 24.035 in the trial court. He argued that his prior convictions were unlawfully used to enhance

---

[1] Petitioner originally pled guilty to one count of felony forgery on July 30, 2010, and was sentenced to a seven (7) year sentence with five (5) years' probation. However, defendant was given a Suspended Execution of Sentence ("SES") as long as he completed the CHOICES program. Petitioner does not appear to be filing a habeas corpus petition as to his original forgery sentence, but rather makes it clear in his petition that he is filing his petition in relation to his revocation of his probation.

his sentence under the new law announced by the Missouri Supreme Court in *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), in which the court determined the proper application of Mo. Rev. Stat. § 570.030.3. The post-conviction motion is currently pending.[2]

In the instant petition, petitioner asserts that his counsel was ineffective and that his sentence is invalid under *Bazell*. He maintains that the petition has been timely filed because the court's decision in *Bazell* restarted the limitations period.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). Petitioner's sentence, therefore, became final on October 14, 2012. Because he did not file an appeal or a timely motion for post-conviction

---

[2]Although it appears that his motion for post-conviction relief, filed within Case No. 08SL-CR01376-01 (21st Judicial Circuit, St. Louis County Court), is still pending, there is no doubt that the motion was filed more than 180 days after petitioner was delivered to the Missouri Department of Corrections in violation of Missouri Rule of Court 24.035.

relief, the federal limitations period expired on October 14, 2013. As a result, the petition appears to be time-barred.

*Bazell* did not restart the limitations period under § 2244(d)(1)(C) because only decisions of the United States Supreme Court may work to restart the limitations period under that provision. Moreover, *Bazell* concerns only state law, which is not a cognizable ground for relief under § 2254. Therefore, petitioner must show cause why the petition should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. # 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that that, no later than twenty-one (21) days from the date of this Order, petitioner must show cause why this action should not be dismissed.

**IT IS FURTHER ORDERED** that if petitioner fails to timely respond to this Order, the Court will dismiss this action without further proceedings.

Dated this   23rd   day of February, 2017.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRIC JUDGE