UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL MAHONE, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | No. 4:17-CV-310 NCC |
| DOUGLAS PRUDDEN, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2244.

After a hearing in front of the Honorable Carolyn Whittington in St. Louis County Court on October 4, 2012, petitioner's probation was revoked, and his original sentence of 7 years' imprisonment to the Missouri Department of Corrections was instated.[2] *See Missouri v. Mahone*, No. 08SL-CR01376-01 (21st Judicial Circuit, St. Louis County Court). On October 26, 2012, the state court sentenced him to seven years' imprisonment. He did not file an appeal of either his

---

[1]On February 23, 2017, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

[2]Petitioner originally pled guilty to one count of felony forgery on July 30, 2010, and was sentenced to a seven (7) year sentence with five (5) years' probation. However, defendant was given a Suspended Execution of Sentence ("SES") as long as he completed the CHOICES program. Petitioner does not appear to be filing a habeas corpus petition as to his original forgery sentence, but rather makes it clear in his petition that he is filing his petition in relation to his revocation of his probation.

original conviction or his revocation of his probation. Petitioner also did not file a timely motion for post-conviction relief.[3]

On September 16, 2016, petitioner filed a motion for post-conviction relief under Rule 24.035 in the trial court. He argued that his prior convictions were unlawfully used to enhance his sentence under the new law announced by the Missouri Supreme Court in *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), in which the court determined the proper application of Mo. Rev. Stat. § 570.030.3.

In the instant petition, petitioner asserts that his counsel was ineffective and that his sentence is invalid under *Bazell*. He maintains that the petition has been timely filed because the court's decision in *Bazell* restarted the limitations period.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3]Petitioner filed a motion for post-conviction relief in the Circuit Court on September 12, 2016. *See Mahone v. State*, No. 1622-CC10512 (22nd Judicial Circuit, St. Louis City Court). It was voluntarily dismissed by the parties on February 10, 2017.

2

If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). Petitioner's sentence, therefore, became final on October 14, 2012. Because he did not file an appeal or a timely motion for post-conviction relief, the federal limitations period expired on October 14, 2013. As a result, the petition is time-barred.

*Bazell* did not restart the limitations period under § 2244(d)(1)(C) because only decisions of the United States Supreme Court may work to restart the limitations period under that provision. Moreover, *Bazell* concerns only state law, which is not a cognizable ground for relief under § 2254.

In his response to the Order to Show Cause, petitioner asserts that he should be excused from the one-year statute of limitations because he had ineffective assistance of counsel, his imprisonment has far exceeded just punishment under the law, and he believes his Constitutional rights were violated in the course of his criminal proceedings.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented

prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Petitioner's vague assertions about ineffective assistance of counsel are clearly insufficient to allow equitable tolling. The Eighth Circuit Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt,* 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

Moreover, this Court cannot begin to examine petitioner's assertions regarding his belief that his Constitutional rights were violated during this trial court process when he has not first shown that he was diligently pursuing his rights and some extraordinary circumstance prevented him from presenting his claims to this Court in a timely fashion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Similarly, petitioner's assertions that his sentence violates the Eighth Amendment's cruel and unusual punishment clause cannot serve as an equitable tolling argument in this instance.

As petitioner has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED as time-barred**. *See* Rule 4 of the Rules Governing § 2254 Proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall issue.

Dated this   17th   day of March, 2017.

\s\   Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRIC JUDGE